NORMAN A. SMITH ET AL. *vs.* WESTERN MAINE POWER COMPANY.

York.    Opinion March 29, 1926.

*Whether public exigencies require the condemnation of land for public purposes, is a legislative and not a judicial question.    The power of such determination may be delegated to a private corporation.    When such power so delegated by the Legislature is exercised in good faith and for public purposes, the court has no authority to intervene.*

*Whether the purpose of condemnation is public or private is a judicial question. The Legislature cannot constitutionally authorize the condemnation of land for private purposes.    But if a corporate charter purports to authorize the taking of land for both public and private purposes, such charter is not for that reason unconstitutional, if the purposes are separable.*

When a corporation exercising the right of eminent domain, i. e., condemning land refers to its charter for the purposes of condemnation, and it appears that the charter includes and purports to authorize taking land for both public and separable private uses the condemnation will be sustained, the presumption being that the taking is for constitutional and legal purposes only.    Even if the record of condemnation literally construed, comprehends and includes private as well as public uses, the bad may be rejected and the good may stand.

In proper cases an injunction will issue to prevent the sale or use of electric current for unauthorized purposes.

Whether a power transmission line authorized by legislative act and carrying a current, the use of which all are legally entitled to share on equal terms, is a public or private use need not at this time and in this case be determined.

On appeal.    A bill in equity seeking to restrain defendant corporation in constructing a transmission line across land of plaintiffs taken under condemnation proceedings under the right of eminent domain authorized by its charter, Special Act of 1907, Chapter 159.    A hearing was had and the sitting Justice entered a decree sustaining the bill and enjoining the defendant from cutting, destroying or removing any of the trees on said land, and commanding defendant to remove from said land of plaintiffs all obstructions erected thereon by defendant, from which decree defendant appealed.    Appeal sustained.

The case fully appears in the opinion.

*Clifford E. McGlauflin,* for plaintiffs.

*Elias Smith and Emery & Waterhouse,* for defendant.

SITTING: PHILBROOK, DUNN, MORRILL, DEASY, STURGIS, BARNES, BASSETT, JJ.

DEASY, J. The defendant corporation was chartered by Special Act of 1907, Chapter 159, for purposes, inter alia, of generating and distributing electricity "for lighting, heating, mechanical manufacturing and industrial purposes" in certain York County towns. It is authorized by its charter to exercise the right of eminent domain. Its transmission line now in use was constructed by the corporation soon after its organization, and appears from the evidence to be obsolescent, crooked and unsatisfactory. It has condemned a new and straighter route crossing the complainants' land and has begun the construction thereon of a new transmission line.

The plaintiffs upon their bill in equity have obtained a decree voiding the condemnation proceedings, so far as concerns their land, enjoining the cutting of trees, declaring the poles and wires already erected to be a nuisance and ordering their removal. From this decree the defendant corporation appeals.

The plaintiffs contend (1) that there is no necessity of a new route.

They urge that the defendant has taken and is now using an electric line adequate for all public purposes. To this it is convincingly answered that (a) The evidence tends strongly to show that the existing line is inefficient and unsatisfactory; (b) If the new line is a nuisance which must upon complaint be abated, so also is the existing line; for it is not only intended to be, but is now used for the same purposes which (according to the decree appealed from) condemns the new line to demolition, and (c) Even if the line now in use be adequate and injunction proof, the necessity of a new line is a legislative and not a judicial question.

The Legislature has properly delegated to the corporation the power to determine whether "public exigencies" require the taking of a new route for its transmission line. No abuse of power appearing, the court will not and cannot for this reason interfere.

"When the power is exercised in good faith, the Court has nothing to do." *Bowden* v. *Water Co.*, 114 Maine, 156; see also *Brown* v. *Gerald*, 100 Maine, 360; *Brown* v. *Water District*, 108 Maine, 231; *Opinion of Justices*, 118 Maine, 513.

(2) That the section of the charter purporting to grant the right of eminent domain for both public (lighting and heating) and alleged

private (manufacturing and industrial) purposes should be held wholly void as violative of the constitution. This contention is effectually disposed of by the succinct ruling of the court below, as follows: "the mere fact that the legislature has in terms authorized the taking of private property for private purposes as well as public will not in itself nullify the authority to take for public uses alone at least where they are separable." *Cole* v. *County Commissioners*, 78 Maine, 532; *Brown* v. *Gerald*, 100 Maine, 351; *Lake Koen Nav. I. & R. Co.* v. *Klein*, 63 Kan., 484 (65 Pac., 684); *Walker* v. *Shasta Power Co.*, 160 Fed., 856-860.

(3) That the taking of land for power transmission is for private purposes; that in this instance the taking was for both public and private purposes and hence is unauthorized and the proceedings void.

In the finding accompanying the decree we read that the statement filed by the defendant sets forth that "the proposed taking was for public uses." This, however, is not conclusive. From all the evidence it fairly appears that one of the company's purposes in taking the complainants' land was to provide electric lights for streets and for houses and other buildings in several York County villages, a use indisputably public. Another purpose is the providing of power for farm and household purposes and also for mills. The transmission of power is not merely the incidental disposal of surplus power; it is one of the company's primary purposes.

The other primary purpose is electric lighting. It is expected that about one third of the company's current will be used for lights, and about two thirds for power.

The record of condemnation is not brought forward to this court. We assume that it refers to the charter for the purposes of the taking. Presumably the taking was for purposes authorized by the legislative act. This obviously means only those purposes constitutionally and legally authorized. The taking was for no other purpose.

*Cole* v. *County Commissioners*, 78 Maine, 538, holds that a condemnation under a legislative act purporting to authorize a taking of land for both public and private purposes is bad as to the latter only. *Brown* v. *Gerald*, 100 Maine, 351, the case upon which the complainants chiefly rely, assumes "that under the authority of *Cole* v. *County Commissioners*, supra, a taking may be sustained even if some of the uses are extra-constitutional; that the bad may be rejected and the good may stand." (Page 356.)

The complainants cite and rely upon *Brown* v. *Gerald,* supra. But the facts in that case differ so very widely from those in the present case that it has no value as a precedent for the decree above summarized.

In *Brown* v. *Gerald* the defendants were proceeding to erect an electric line across the complainant's land for the sole purpose of furnishing power to one manufacturing plant. At the time of condemnation the defendants were bound by contract to deliver all their current to one mill for a period of ten years. The court in that case said "A purpose to use the line for electric lighting was wanting. It is not discoverable." And again the possibility of public use is "too remote for consideration."

Without questioning the authority of *Brown* v. *Gerald* in cases presenting its own peculiar facts, it is plainly not in point in the present case, as a precedent for the decree appealed from.

In the instant case the condemnation was good, at all events, for the transmission of lighting current. "The bad may be rejected and the good may stand." *Brown* v. *Gerald,* supra.

The decree rejects all. It adjudges the part of the new line already constructed to be a nuisance. The appeal must be sustained.

In cases of this kind the complainant and defendant are not the only persons interested. The public is concerned. It would be unreasonable to compel light users to abide in darkness or to submit to inferior and inefficient service because the officers of an electric company harbor an intent to commit an ultra vires act. In proper cases an injunction will issue to prevent the sale or use of electric current for unauthorized purposes.

The complainants contend that the transmission of power whether for use on farms or in dwellings, laundries, stores, shops or mills, is a public use, if by reason of statutory mandate or common law principle all members of the public have an equal and legally guaranteed right to demand the use of such power. It is argued that to transmit power in the form of an electric current over a wire is no more a private use than to transport power in the form of coal over rails.

It is not necessary at this time and in this case to pass upon the validity of this contention.

> *Appeal sustained.*
> *Bill dismissed.*